CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
MAY 13 2005
JOHN F. CORCORAN, CLERK
BY: /s/ Jay Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| ROLAND E. BASKETTE, GUARDIAN/CONSERVATOR FOR MARTHA BASKETTE, <br><br>*Plaintiff,* <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br>*Defendant.* | CIVIL ACTION NO. 6:04-CV-00039 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

On January 21, 2005, this Court granted in part Defendant's Motion to Dismiss for lack of subject matter jurisdiction. The Court dismissed any claim in the Complaint for which the alleged damages were Martha Baskette's original anoxic brain injury in March 1998, but for the time being it maintained any claim for which the alleged damages were other than Baskette's original anoxic brain injury. Although Plaintiff's Complaint did not demonstrate these remaining claims survived the applicable statute of limitations, the Court chose not to dismiss them immediately in light of the leniency that is usually afforded to *pro se* litigants. Nevertheless, the Court explained that based upon the Amended Complaint, it "harbors serious doubts that Plaintiff will be able to demonstrate that any of his claims are not time barred." Accordingly, as to the surviving claims, the Court issued an Order to Show Cause why the

1

Complaint should not be dismissed for lack of subject matter jurisdiction, explaining that "Plaintiff needs to plead facts that demonstrate that CVHS's actions resulted in an injury about which Plaintiff was not reasonably aware until such time as would put his first legal efforts within the limitations period."

In response to this Memorandum Opinion and Order, Plaintiff filed a response styled as an Amended Complaint. Despite the Court's admonition not to reargue the issue of Martha Baskette's anoxic brain injury from March 1998, Plaintiff discussed at length the injuries resulting from that brain injury and the alleged failures of Defendant that led to it. Because Plaintiff's cause of action for the damages resulting from Baskette's anoxic brain injury already has been dismissed as time barred, it is no longer at issue in the case. Accordingly, the Court finds that this discussion is not responsive to its Order to Show Cause. Plaintiff also offers more particular information regarding Defendant's alleged failure to properly diagnose or explore Baskette's ongoing medical problems in the months after her anoxic brain injury. These allegations all refer to dates in 1998. As an example, Plaintiff alleges that in April 1998, Baskette's doctor explained in her medical record that she had done dramatically better than could have been predicted, when in reality Baskette still could not put on her own shoes.[1] Nevertheless, the time frame of 1998 unavoidably puts such allegations outside of the FTCA's statute of limitations. As alleged, Defendant's diagnosis, which Plaintiff depicts as obviously incorrect, immediately gave Plaintiff "sufficient facts about the harm done to him [such] that

---

[1] This paragraph of the Amended Complaint in fact occasionally refers to the year as 1996. Based on the date of the anoxic brain injury and the documents that Plaintiff submitted with the Amended Complaint, however, it appears that the actual year is 1998. For purposes of evaluating the statute of limitations for the FTCA, this inconsistency is immaterial.

2

reasonable inquiry would reveal his cause of action," *Lekas v. United Airlines*, 288 F.3d 296, 299 (4th Cir. 2002), thereby triggering the two-year statute of limitations at that time. For this reason, Plaintiff's first remedial efforts in July 2002 fall well outside of the statute of limitations. Accordingly, Plaintiffs allegations regarding Defendant's failure to properly diagnose or further explore Baskette's medical problems after her anoxic brain injury shall be dismissed for lack of subject matter jurisdiction.

Plaintiff makes other allegations regarding Defendant's actions occurring after Baskette's anoxic brain injury. Specifically, Plaintiff claims that after the anoxic brain injury, Defendant predicted an unduly rosy picture of Baskette's prospects for recovery and made false entries in Baskette's medical record. Unlike the claims of Defendant's obvious misdiagnosis of Baskette, these claims were not necessarily triggered at the moment they occurred. Nevertheless, Plaintiff simply has not pled any facts sufficient to demonstrate that his claims as to these mis-diagnoses are not barred by the FTCA's statute of limitations. Nowhere does Plaintiff allege, and based on the vague pleadings this Court cannot reasonably infer, that the date at which Plaintiff ultimately "possessed sufficient facts about the harm done to him [such] that reasonable inquiry would reveal his cause of action," *Lekas*, 288 F.3d at 299, came so far after the anoxic brain injury as to put his claims within the statute of limitations. Accordingly, these claims, too, must be dismissed for lack of subject matter jurisdiction.

Further, Plaintiff's Amended Complaint makes no further mention of the drug claim in his earlier Complaint. Specifically, Plaintiff had alleged that Defendant gave Baskette a drug that it later found to be dangerous and subsequently failed to determine what injuries it had caused Baskette or inform her of them. It may be that Plaintiff has not pursued this claim further

3

because it is related to Baskette's anoxic brain injury and therefore is outside of the statute of limitations. In any event, because Plaintiff has not provided any further information demonstrating that this Court does indeed have subject matter jurisdiction over this claim, it also must be dismissed.

Still, Plaintiff's Amended Complaint does make one allegation that, at least on its face, states a claim that would not be time barred under the statute of limitations. In relevant part, Plaintiff alleges the following:

> In November of 2002 I took Martha my ward, to C.V.H.S. with which I [believed] to be [a] medical problem. I tried to explain what I was witnessing in Martha's life to this primary care doctor. He talked to her, and turn[ed] to me and said it's probably a virus, he order[ed] no changes, [performed no] test, in fact all that was talk. In December of 2002 I took Martha back to C.V.H.S., her condition was [very] bad, she had stop[ped] eating, and was with [dehydration] and diarrhea. At this time the doctor ordered me to take Martha to the hospital, which I did. She spent the next eleven days being tested, and other medical treatments [were] done to stabilize her. After discharge I was told to take her back to C.V.H.S. which I did. At this time I told the doctor that she had a special condition as a heart transplanted patient, and disabled by her other injury. I told him that Martha was a different type of patient, and he needed to listen to what I was telling him and what I was seeing in her. He said I'm use[d] to working with kids, and they tell me a lot. I told him that he needed to educate himself to the special needs of this patient.

*Amended Complaint* (docket no. 17) at 9–10. This allegation was originally made in Plaintiff's earlier complaint, where its reference to a date of "11/02," taken in the context of surrounding allegations concerning the year 1998, suggested that Plaintiff was referring to November 2, 1998. Plaintiff now has clarified his allegations to explain that they concern November 2002, and the existing record indicates that Plaintiff may have first pursued a remedy for this claim as early as September 22, 2003. For this reason, Plaintiff likely has stated a claim that is not barred by the FTCA's statute of limitations. 28 U.S.C. § 2401(b); *Miller v. United States*, 932 F.2d 301, 303

4

(4th Cir. 1991). Further, it appears this claim alleges significant damages, as Plaintiff made clear in the earlier Complaint that Defendant's alleged breach of duty caused Baskette to spend twelve days at UVA Medical Center. For this reason, this claim, and this claim alone, shall survive.

An appropriate Order shall issue.

ENTERED: *[signature]*
U.S. District Judge

May 13, 2005
Date