IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 0 9 2005

JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

| | |
|---|---|
| ROLAND E. BASKETTE, SR., ) | |
| Guardian and Conservator for ) | |
| Martha P. Baskette, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:04-CV-00039 |
| ) | |
| UNITED STATES, ) | By: Hon. Michael F. Urbanski |
| Defendant. ) | United States Magistrate Judge |

## REPORT AND RECOMMENDATION

Plaintiff Roland E. Baskette, Sr., acting as guardian and conservator for his wife, Martha P. Baskette, brought an action alleging numerous acts of medical malpractice on the part of physicians at Central Virginia Health Services, Inc. ("CVHS") on September 1, 2004. Plaintiff sues under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671-80. The Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C. § 233(g)-(n) provides that the FTCA is the exclusive remedy for injuries, including death, caused by employees of a deemed community health center which occurred while the health center was deemed eligible for coverage.

In an Order dated January 21, 2005, the court granted defendant's motion to dismiss regarding several of plaintiff's claims because plaintiff did not pursue administrative remedies for them within the applicable limitations period. In an opinion accompanying this Order, the court found that the main claim contained in plaintiff's complaint – that prior to Martha Baskette's anoxic brain injury in March 1998, CVHS failed to provide a complete medical diagnosis for her and failed to inform her of the special needs of her heart – was "without question" time-barred, and as such, this claim was dismissed. The court ordered plaintiff to show

cause as to why the remainder of claims contained in plaintiff's complaint should be allowed to proceed. In response to this Order, plaintiff submitted an Amended Complaint containing one claim, that, at least on its face, was not time-barred under the statute of limitations. In a May 13, 2005 Order, the court allowed plaintiff to proceed on this claim.

Defendant has now filed a motion to dismiss regarding this claim. In its motion, defendant asserts that plaintiff has not exhausted his administrative remedies regarding the remaining claim. Following the hearing held on defendant's motion to dismiss, the court gave plaintiff additional time to provide any grievances that had not been previously produced to the court. Defendant responded by providing additional medical records, but no grievances.

This matter is before the court on this motion for report and recommendation. Having reviewed the record and relevant case law, it is the recommendation of the undersigned that defendant's motion to dismiss be granted and this case be stricken from the active docket of the court. Because defendant has not exhausted his administrative remedies regarding his only remaining claim, he cannot proceed with a suit under the FTCA.

I

On May 13, 2005, the court entered an order allowing plaintiff to proceed on the claim that

> [I]n November, 2002, Defendant failed to diagnose Baskette with a significant medical problem, resulting in severe dehydration and diarrhea that had to be treated at UVA Medical Center for twelve days.

The United States has moved the court to dismiss this remaining claim pursuant to Rule 12(b)(1) because plaintiff has failed to exhaust his administrative remedies with respect to this

2

claim. In support of its motion, defendant provides a declaration of Beverly R. Dart, an attorney in the Claims and Employment Law Branch, General Law Division, Office of the General Counsel, U.S. Department of Health and Human Services. (See generally Dart Decl. at Def.'s Mot. Dismiss Exh. 1.)

Dart states that her office maintains a computerized database of all administrative tort claims filed with the Department of Health and Human Services. Id. ¶¶ 3-4. Dart's declaration attaches the only two administrative claims filed by plaintiff. Id. ¶ 4. On the first claim, plaintiff lists for "the nature and extent of each injury" "enlarged heart - sudden death - heart transplant medication past and to come." Id., Exh. A, at 1. The attachment to this claim mentions a drug called Varpamil, and states that plaintiff's wife was not checked while taking this drug for its possible effects on her. Id., Exh. A., at 2. This claim mentions neither dehydration or diarrhea.

On the second claim, plaintiff lists for "the nature and extent of each injury" "defaming my self and my name and denial of constitutional right." Id., Exh. B, at 1. Its attachment discusses a dispute with Dr. Campenelli of CVHS and plaintiff's claims against him for speaking with his wife. Id., Exh. B, at 1-3. This claim similarly mentions neither dehydration nor diarrhea.

The additional materials provided by plaintiff to the court following the hearing on defendant's motion to dismiss include medical records but no grievances filed with the appropriate agency.

## II

Under the FTCA, a claim against the United States must be presented to the appropriate agency within two years of the accrual of the claim. 28 U.S.C. § 2401(b). Tort claims against

3

the government are barred unless the appropriate federal agency is presented with the claim in writing no more than two years after the cause of action accrues, or unless action is begun within six months after either the agency responds with a formal written denial of the claim or denial is assumed due to lack of response by the agency. Id. The FTCA further requires that before an action may be commenced in court, a claimant must present his or her claim to the appropriate agency for determination. 28 U.S.C. § 2675(a). Insofar as plaintiff seeks to recover against the government under the limited waiver of sovereign immunity embodied in the FTCA, plaintiff must show that he has exhausted his administrative remedies regarding this claim. Plaintiff has not.

Neither of the tort claims presented to the agency deals with the only claim remaining in this lawsuit which has to do with CVHS officials' failure, in November, 2002, to diagnose Martha Baskette with a significant medical problem, resulting in severe dehydration and diarrhea. At the hearing, plaintiff argues that all of the complaints concerning his wife's medical care are part of one continuous course of treatment. While it is true that Mrs. Baskette has had to receive extensive medical care following her heart problems in 1996, no claim form filed with the government refers to the dehydration and diarrhea problems she experienced in 2002. In particular, nothing in the claim form filed on February 1, 2004 refers to the 2002 dehydration and diarrhea, nor does the claim form filed on September 27, 2004. Following the hearing, Baskette was given an opportunity to present evidence of any other claims forms he has filed. Baskette submitted additional medical records and argument, but no evidence of any other steps to administratively exhaust the sole remaining claim concerning his wife's hospitalization in 2002 for dehydration and diarrhea.

Case 6:04-cv-00039-NKM-mfu   Document 39   Filed 08/09/05   Page 4 of 6   Pageid#: 154

The purpose of the exhaustion requirement is to encourage prompt presentation of claims against the federal government. See Hart v. Dep't of Labor ex rel. United States, 116 F.3d 1338, 1341 (10th Cir. 1997). Additionally, its provisions involving administrative claims allow the appropriate agency an opportunity to consider claims before litigation. See Interboro Mut. Indem. Ins. Co. v. United States, 431 F. Supp. 1243, 1246 (E.D.N.Y. 1977). It is clear that sovereign immunity can be waived only by the sovereign and that it must not be expanded by the courts. See United States v. Kubrick, 444 U.S. 111, 117-18 (1979); see also Kokotis v. U.S. Postal Servs., 223 F.3d 275, 278 (4th Cir. 2000). Filing a tort claim with the appropriate federal agency is a jurisdictional requirement that cannot be waived. See Kielwien v. United States, 540 F.2d 676, 679 (4th Cir. 1976). Absent the filing of an administrative tort claim with the agency, plaintiff cannot maintain this action. Further, plaintiff's failure to file an administrative claim with the appropriate agency within the time defined by the FTCA bars plaintiff from instituting such an action against the United States. See Bernard v. U.S. Lines, Inc., 475 F.2d 1134, 1136 (4th Cir. 1973) (filing of suit within two years of an accident held as insufficient to overcome bar of action caused by failure to file an administrative claim within the two-year statutory period).

"Notice" of a claim is insufficient to meet the requirements of the FTCA. Under the statute's express language, a claim must be "presented" in writing to the appropriate federal agency. 28 U.S.C. § 2675(a); Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986). Filing suit does not constitute a claim for the purposes of the FTCA because the agency will still never have received the required official, written notice of the claim. See Crack v. United States, 694 F. Supp. 1244, 1246-47 (E.D. Va. 1998).

5

Because the remaining claim was not included in any of the filed administrative tort claims from the claimant, it does not meet the jurisdictional requirements set forth in the FTCA. Accordingly, it must be dismissed.

### III

For the reasons outlined above, it is the recommendation of the undersigned defendant's motion to dismiss be granted. Plaintiff has not appropriately exhausted his administrative remedies regarding the remaining claim.

The Clerk is directed immediately to transmit the record in this case to the Hon. Norman K. Moon, United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note any objections to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court hereby is directed to send a certified copy of this Report and Recommendation to plaintiff and all counsel of record.

**ENTER:**     This 9th day of August, 2005.

_____
UNITED STATES MAGISTRATE JUDGE